FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEGAN M. RUSHWORTH (2),<br><br>Defendant. | NO:  2:18-CR-230-RMP-2<br><br>ORDER GRANTING MOTION TO REDUCE SENTENCE |

BEFORE THE COURT, without oral argument, is Defendant Tegan M. Rushworth's Motion to Reduce Sentence Under §3582(c)(1)(A), ECF No. 182. The Government deferred to the Court in its response, ECF No. 185, and Defendant replied, ECF No. 187.  Defendant's mother, Alisa Sam, submitted two declarations, ECF Nos. 181 and 188.  Having reviewed Defendant's motion, exhibits, and reply, the Government's response, the record, and relevant law, the Court is fully informed.  After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the Court finds that compassionate release is warranted.

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 1

# BACKGROUND

On November 12, 2020, after pleading guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), Defendant Tegan M. Rushworth was sentenced to a term of incarceration of 55 months, followed by three years of supervised release. ECF No. 173.

Defendant is 37 years old and is currently incarcerated at Federal Correctional Institution ("FCI") Waseca in Minnesota. Her anticipated release date is May 26, 2025. ECF No. 182, Ex. 1 at 1. Defendant has incurred three non-violent infractions during her time at FCI Waseca: one for insolence towards a staff member, a second for being in an unauthorized area, and a third for tattooing her skin. ECF. No. 185, Attach. A.

Defendant's two children B.R. (age 15) and James (age 18) reside with Defendant's mother Alisa Sam in Newberg, Oregon. ECF No. 181 at 2. Both B.R. and James have been diagnosed with increasingly severe mental health conditions that necessitate adult supervision and care for the children to function day-to-day. *Id.* at 4; ECF No. 188 at 2. Ms. Sam, the children's sole provider and caregiver, faces severe and time-sensitive health issues herself. She currently is recovering from spinal reconstruction surgery and complications resulting from the procedure. ECF No. 181 at 1-2. Ms. Sam requires both an additional surgery to address these complications and a total left knee replacement once she completes her spinal

1  recovery. *Id.* at 3. Due to her health issues, she is unable to provide adequate care

2  to B.R. and James, particularly given the level of care that they require. *Id.* at 4.

3        On August 3, 2022, Defendant, through counsel, filed a Motion to Reduce

4  Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 182. Defendant seeks

5  to reduce her prison sentence and to modify her period of supervised release with a

6  lengthened timeframe and the imposition of strict release conditions. *Id.* at 3.

7        **LEGAL STANDARD**

8        A court may reduce a term of imprisonment on compassionate release

9  grounds after considering the factors under 18 U.S.C. § 3553(a) to the extent the

10  factors are applicable and upon a finding that "extraordinary and compelling

11  reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In addition to

12  reducing a term of imprisonment, a court "may impose a term of probation or

13  supervised release with or without conditions that does not exceed the unserved

14  portion of the original term of imprisonment." *Id.* The reduction also must be

15  "consistent with applicable policy statements issued by the Sentencing

16  Commission." *Id.*

17        The United States Sentencing Commission has issued a policy statement that

18  recognizes the following circumstances as "extraordinary and compelling reasons"

19  for purposes of compassionate release, so long as "the defendant is not a danger to

20  the safety of any other person or to the community, as provided in 18 U.S.C. §

21  3142(g)":

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 3

(A) Medical Condition of the Defendant.—
    (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
    (ii) The defendant is—
        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process,
    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 4

United States Sentencing Commission, *Guidelines Manual*, §1B1.13 cmt. n.1. Section 1B1.13 has not been updated since the enactment of the First Step Act,[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018). Thus, the policy statements in section 1B1.13 "may inform a district court's discretion for [considering compassionate release] motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the Bureau of Prisons ("BOP"). Following the enactment of the First Step Act, a federal prisoner may move on his or her own behalf for a sentence reduction after exhausting all administrative appeals. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

**Exhaustion**

Compassionate release is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty days from the warden's receipt of the defendant's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

---

[1] The Court takes judicial notice that the United States Sentencing Commission currently has sufficient members to constitute a voting quorum but has not amended the United States Sentencing Guidelines to implement the First Step Act as of the date of this Order.

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 5

Defendant asserts that she submitted a sentence reduction request based on extraordinary family circumstances to the warden at FCI Waseca on May 20, 2022.² ECF No. 182, Ex. E at 1. The Government agrees that "Defendant has exhausted the required administrative procedure" for purposes of the instant motion. ECF No. 185 at 1. Accordingly, the Court finds Defendant's motion to reduce sentence ripe for review and will address her request on the merits.

**Extraordinary and Compelling Circumstances**

To be eligible for release, Defendant must demonstrate that "extraordinary and compelling" circumstances justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. § 3552(a), which the United States Sentencing Commission directs courts to consider. USSG §1B1.13. The Guidelines set forth family circumstances, including the "incapacitation of the caregiver of the defendant's minor child," as an example of such extraordinary and compelling reasons for compassionate release. *Id.* cmt. n.1.

Defendant bases her request for compassionate release on extraordinary and compelling family circumstances. Specifically, Ms. Sam, upon whom Defendant's two children depend for their safety and well-being, faces serious health issues that

---

² Defendant also based this request on medical grounds. ECF No. 182, Ex. E at 1. Defendant had submitted a previous sentence reduction request to the warden at FCI Waseca based on concerns of contracting COVID-19 and inadequate medical care. ECF No. 182, Ex. D. This request was denied on December 20, 2021. ECF No. 182, Ex. D.

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 6

prevent her from serving in a caregiver role. ECF No. 182 at 9. The unanticipated complications from Ms. Sam's surgeries have rendered her unable to work, limited her mobility, and left her dependent on Social Security Disability Insurance benefits as her sole source of income. *Id.* at 9. Defendant's two children, one of whom is a minor, require adult supervision and care, particularly considering their increasingly severe mental health conditions. ECF No. 188 at 1-2.

The Government, cognizant that there does not appear to be a reasonable alternative caregiver to Ms. Sam, agrees that Ms. Sam's medical issues and her inability to provide adequate care to Defendant's children present an extraordinary and compelling reason for the Court to reduce Defendant's sentence. ECF No. 185 at 5.

The Court concurs and finds that Defendant's family circumstances present extraordinary and compelling reason justifying release.

**Section 3553(a) Factors**

The Court next examines whether the 18 U.S.C. § 3553(a) factors support Defendant's instant motion. The factors include the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed. *See* 18 U.S.C. § 3553(a).

The nature and circumstances of the underlying offense, possession with intent to distribute heroin, are inherently serious. Defendant also presents a lengthy criminal history. *See* ECF No. 161 at 9-14. The Court shares the

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 7

Government's concern regarding Defendant's release plan, particularly given the stress that Defendant will face not only as her children's primary caretaker, but also likely her mother's. *See* ECF 185 at 6. However, the Court agrees with Defendant that modifying her supervision conditions and extending her supervision period will help to mitigate these concerns. *See* ECF 187 at 5-6; *see also United States v. Ball*, No. 2:15-cr-00419-CAS, 2020 WL 4539023, at *4 (C.D. Cal. Aug. 5, 2020) (finding that a supervised release term of four years would "further reduc[e]" the already minimal risk of danger the defendant posed to himself or the public upon release); *United States v. Marks*, 455 F. Supp. 3d 17, 35 (W.D.N.Y. 2020) (analyzing defendant's risk of danger upon release and concluding "whatever risk there is can be further mitigated by supervised release").

Specifically, the Court finds that replacing a portion of Ms. Rushworth's previously imposed term of incarceration with an additional 12-month period of special supervised release will adequately address the seriousness of her offense and the need for the originally imposed sentence while accounting for the extraordinary and compelling circumstances that justify her compassionate release.

Additionally, Ms. Rushworth has taken concrete steps while incarcerated that indicate her ability to provide for her family. Defendant, who has struggled with heroin addiction, has engaged in substance abuse treatment while incarcerated. She has enrolled in RDAP and the Medication-Assisted Treatment Program. ECF No. 182 at 3; *id.* at 4. She also is enrolled in a course in Paralegal

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 8

Studies. *Id.* at 13.  The responsibility of caring for her family offers Defendant a purpose upon release and an opportunity to partake in her children's upbringing.  Given that Defendant's circumstances require that she abide by the terms of her supervised release or risk jeopardizing her family's well-being, and given Defendant's rehabilitative efforts while incarcerated, the Court finds that Ms. Rushworth does not present a significant danger to the safety of the public or community and that extending and modifying her supervised release will act as a sufficient deterrent to future criminal conduct.

Having considered all of the relevant, albeit non-binding, factors listed in USSG §1B1.13, as well as those set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant has demonstrated extraordinary and compelling circumstances warranting compassionate release.  Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, **ECF No. 182**, is **GRANTED**.

2. The remainder of Defendant's previously imposed sentence is reduced to **time served**.

3. Defendant shall serve a special term of supervised release for a period of 12 months in addition to the previously imposed 36 months of supervised release.

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 9

4. Following the special term of supervised release of 12 months, Defendant shall serve the previously imposed term of three years of supervised release.

5. During both terms of supervised release, Defendant shall be subject to the mandatory, standard, and special conditions of release originally imposed in the Judgment, ECF No. 173.

6. During both terms of supervised release, Defendant shall be subject to the following **additional** special condition:

> You shall have no contact with co-defendant Adam K. Wilkening, by letter or other communication devices, audio or visual devices, or through a third party, unless authorized by your supervising probation officer.

7. This order is **stayed for up to fourteen days** to allow for the verification of Defendant's residence and release plan, to make appropriate travel arrangements, to ensure Defendant's safe release, and to ensure that the United States Probation Office for the District of Oregon agrees to Defendant's supervision.  Defendant shall be released as soon as the residence is verified, a release plan is established, appropriate travel arrangements are made, it is safe for Defendant to travel, and upon confirmation of supervision from the United States Probation Office for the District of Oregon.  If more than fourteen days are needed to confirm Defendant's living

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 10

arrangements and ensure her safe release, the United States Probation Office or the parties shall immediately notify the Court and explain why the stay should be extended.

8. An Amended Judgment shall be issued reflecting the reduction of Defendant's sentence to time served and the additional 12-month special term of supervised release to be followed by the previously imposed term of three years of supervised release, with all of the previously imposed conditions and the additional special condition of supervised release noted in this Order.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel and to the United States Probation Office, and set a 14-day case management deadline.

**DATED** October 13, 2022.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING MOTION TO REDUCE SENTENCE ~ 11